UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR07-497(A)-CAS | | Date | September 17, 2008 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| CATHERINE JEANG | LAURA ELIAS | Derek Fetting<br>Kevin Rosenberg |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Mark Tyrell Fowlkes | X | X | | Michael J. Treman | X | | |

**Proceedings:   Defendant's Motion to Dismiss Indictments** (filed 08/11/08)

## I.   INTRODUCTION

On June 6, 2008, the government filed a superseding indictment charging defendant Mark Tyrell Fowlkes with one count of distribution of crack cocaine pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), two counts of possession with intent to distribute crack cocaine pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B-C), one count of possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. §§ 924(c)(1)(A)(I), and one count of possession of a firearm after a felony conviction pursuant to 18 U.S.C. §§ 922(g)(1).

On July 8, 2008, trial commenced on the superseding indictment. On July 10, 2008, defendant moved for a mistrial, which the Court granted over the government's objection. On August 11, 2008, defendant filed the instant motion to dismiss the indictments, arguing that (1) the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars a retrial; (2) a retrial after the government's misconduct would violate his due process rights under the Fifth Amendment; and (3) the Court should dismiss the indictments pursuant to its supervisory powers. On August 21, 2008, the government filed its opposition. Defendant filed his reply on September 1, 2008. The Court held evidentiary hearings on September 8, 2008, and September 15, 2008, at which DEA Special Agent Jonathan Koeppen and United States Deputy Marshal Manny Garcia testified, respectively. The Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CRIMINAL MINUTES - GENERAL**

## II.    BACKGROUND

On July 10, 2008, in the midst of trial on the superseding indictment, DEA special agent Jonathan Koeppen notified government counsel that Latoya Marshall, a defense witness, had an outstanding arrest warrant and that he planned to inform the United States Marshal Service. Koeppen Decl. at 2.  Government counsel and Koeppen discussed the matter and decided that the United States Marshals should not arrest Ms. Marshall until after she testified.  Id.  During the lunch recess, Koeppen met with Deputy Garcia and told him that Ms. Marshall should not be arrested until after she finished testifying.  Id. at 2-3.  Koeppen further instructed Deputy Garcia to arrest Ms. Marshall outside of the courtroom so that the jury would not be aware of it. Id.  After Ms. Marshall finished testifying, she was arrested just outside the courtroom doors within earshot of the jury.[1]  Tr. 7/10 25:3-26:9.  The arrest occurred within the view of this Court and possibly, certain alternate jurors.  Defendant then moved for a mistrial and the government objected arguing that a limiting instruction would adequately remedy the situation. Tr. 7/10 34:25-35:19.  The Court granted defendant's motion

## III.    LEGAL STANDARD

### A.    Double Jeopardy

When a court declares a mistrial, a retrial will only be permitted "if the defendant consented to the mistrial or if the mistrial was caused by 'manifest necessity.'"  Arizona v. Washington, 434 U.S. 497, 505 (1978) (internal citations omitted).  "The words 'manifest necessity' ... do not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge."  United States v. Elliot, 463 F.3d 858, 864 (9th Cir. 2006).  However, "[i]f an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the government proceed with its proof." Illinois v. Somerville, 410 U.S. 458, 464 (1973).[2]

Where a mistrial has been declared at the request of the defendant, double jeopardy is generally not a bar to retrial.  Oregon v. Kennedy, 456 U.S. 667, 672-73 (1982).  A narrow exception to this rule exists, however, where the defendant can show that the prosecutor's

---

[1]As the Court noted, "I think it was possible to hear her [Marshall] scream."  Tr. 7/10 35:23-24.

[2]Manifest necessity was present because, as the Court noted, "the jury saw things which will infect their thinking about this witness and ... simply cannot be cured by an instruction." Tr. 7/10 36:1-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

actions "giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial." United States v. Lun, 944 F.2d 642, 644 (9th Cir. 1991). Harassing or overreaching prosecutorial conduct sufficient to warrant a mistrial does not bar retrial absent "intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." Kennedy, 456 at 676. Even if defendants have "no realistic choice but to seek mistrial, this does not bar a retrial." Lun, 944 F.2d at 646.

### B. Due Process Rights under the Fifth Amendment

A district court "may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation." United States v. Chapman, 524 F.3d 1073, 1084 (9th Cir. 2008). To constitute a due process violation, the government's conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. King, 200 F.3d 1207, 1213 (9th Cir. 1999).

### C. The Court's Supervisory Powers

If a prosecutor's conduct does not amount to a due process violation, the district court may nonetheless dismiss an indictment under its supervisory powers. Chapman, 524 F.3d at 1084. A court may exercise these powers to dismiss an indictment for three reasons: "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991). A court's supervisory powers are a "harsh, ultimate sanction which are more often referred to than invoked." King, 200 F.3d at 1214.

## IV. DISCUSSION

Defendant argues that the indictments should be dismissed under the Double Jeopardy Clause because the government's actions in orchestrating Ms. Marshall's arrest were intentional and done in bad faith. Mot. At 9. Defendant contends that it is "inconceivable that the more experienced prosecutor and, to the extent that they were consulted, the prosecutor's supervisors, were not aware of the significant negative impact upon the defense case that the arrest would cause." Id. As evidence of the government's intent, defendant argues that before the incident with Ms. Marshall, "several parts of the government's case were in trouble." Reply at 4. While the government's actions were certainly imprudent, the Court cannot conclude that the arrest of Ms. Marshall was done in bad faith or with the intention to secure a mistrial. Koeppen stated he told deputy marshal Garcia to conduct the arrest so that "the jury, defendant, and others in the courtroom would not be aware of the arrest." Koeppen Decl. ¶ 6. Deputy Garcia testified that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

he did not recall receiving instructions as to how to effectuate the arrest, and that he determined to arrest Ms. Marshall outside the courtroom door.  Defendant also argues that the government's actions left him with a difficult choice between proceeding with the existing jury or moving for a mistrial.  Mot at 9.  While undoubtedly true, this consideration is not enough to bar retrial. Lun, 944 F.2d at 646.

Defendant further contends that by orchestrating the arrest of Ms. Marshall in a manner calculated to bring the arrest to the attention of the jury, the government committed misconduct and violated his due process rights.  Defendant argues that the government "[i]n effect...improperly attempted to impeach Ms. Marshall by giving the jury reason to believe that she had committed some crime for which she should be immediately arrested."  Mot. at 7.  As discussed supra, the Court concludes that government did not intentionally effectuate Ms. Marshall's arrest so as to bring it to the attention of the jury.  As such, the government's conduct was not "so grossly shocking and so outrageous as to violate the universal sense of justice."  King, 200 F.3d 1207 at 1213.

The Court also declines to dismiss the indictments pursuant to its supervisory powers. The Court does not find dismissal necessary to remedy a statutory violation, which defendant has not alleged, or a constitutional violation, because defendant's due process claim fails. Furthermore, a dismissal is not necessary to protect judicial integrity because defendant will receive a new trial with new, untainted jurors.  Lastly, this Court does not find dismissal necessary to deter future illegal conduct because the government's actions were not illegal.

## V.      CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion to dismiss the indictments.

IT IS SO ORDERED.

|  | 00 | : | 30 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |