| Case No. | CR07-497(A)-CAS | Date | July 1, 2011 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| CATHERINE JEANG | NOT PRESENT | KEVIN ROSENBERG, NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Mark Tyrell Fowlkes, Pro Se | NOT | X | | Paul Horgan, Standby Counsel | NOT | X | |

| Proceedings: | (IN CHAMBERS): STATEMENT OF REASONS REGARDING SENTENCE IMPOSED |
|---|---|

## I. INTRODUCTION & BACKGROUND

On October 9, 2007, defendant Mark Tyrell Fowlkes was taken into custody on the offenses for which he is sentenced herein. On June 6, 2008, the government filed a superseding indictment charging defendant Mark Tyrell Fowlkes with one count of distribution of crack cocaine on September 3, 2006, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (count one); two counts of possession with intent to distribute crack cocaine on September 4, 2006 and September 13, 2006, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B-C) (counts 2 and 5); one count of possession of a firearm in furtherance of a drug trafficking crime on September 4, 2006, pursuant to 18 U.S.C. §§ 924(c)(1)(A)(I) (count 3); and one count of possession of a firearm after a felony conviction on September 4, 2006, pursuant to 18 U.S.C. §§ 922(g)(1) (count 4).

On July 8, 2008, trial commenced on the superseding indictment. On July 10, 2008, defendant moved for a mistrial, which the Court granted over the government's objection. On November 4, 2008, defendant's retrial began. On November 20, 2008, the jury found

defendant guilty of one count of distribution of crack cocaine (count one) and two counts of possession with intent to distribute crack cocaine (counts two and five).[1]

In determining the appropriate sentence, the Court is required to decide whether the Fair Sentencing Act of 2010 (the "Fair Sentencing Act") applies to defendant. The government argues that because the Fair Sentencing Act does not expressly provide that it is retroactive, defendant is subject to the 60-month mandatory minimum, imposed prior to the enactment of the Fair Sentencing Act. The Court recognizes that the government in an effort to reach a fairer sentencing result in light of the Fair Sentencing Act, has withdrawn its request for an enhancement under section 851 based on defendant's prior conviction. This has resulted in the government requesting a five-year mandatory minimum sentence in lieu of a ten-year mandatory minimum sentence. Defendant argues that the Fair Sentencing Act should apply to him. In support of his position, defendant cites United States v. Baptist, No. 2:08CR848, 2011 WL 2150993 (9th Cir. June 2, 2011), which notes that "[i]t would be especially egregious to require judges 'to continue to require that courts impose unfair and unreasonable sentences on those offenders' who have not yet been sentenced,'" and that "'to continue to sentence defendants under a formula that is uniformly regarded as unfair and unjust' 'frustrates the expressed congressional goal of remedying racially discriminatory impact.'" Baptist, 2011 WL 2150993 at *4 n.2, citing United States v. Acoff, 634 F. 3d 200, 205 (2d Cir. 2011), United States v. Parks, No. 8:10CR225, 2010 WL 5463743 at *7 (D. Neb. Dec. 28, 2010). The government asserts that because the Ninth Circuit's observation regarding defendants awaiting sentencing is dicta, the Court may not rely on this language.

Despite the fact that the quoted language in Baptist is dicta, the Court finds that the Fair Sentencing Act should apply to this case. In reaching its conclusion, the Court finds the opinions in United States v. Douglas, 746 F. Supp. 2d 220 (D. Me. 2010), and the First Circuit opinion affirming that holding at 2011 WL 2120163 (1st Cir. May 31, 2011), persuasive.[2] In

---

[1] The jury found defendant not guilty of possessing a firearm in furtherance of a drug trafficking crime (count three). The Court granted the government's motion to dismiss the felon in possession charge (count four), and denied defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29.

[2] The Court finds further support for its decision in the July 1, 2011 Memorandum issued by the United States Sentencing Commission with respect to "Retroactive Application of Crack Cocaine Amendment to Federal Sentencing Guidelines Implementing the Fair Sentencing Act of 2010, Effective November 1, 2011." In this memorandum, the Sentencing Commission indicated that it had "unanimously voted to give retroactive effect to the permanent guideline amendment regarding crack cocaine offenses implementing the Fair Sentencing Act of 2010,"

those decisions, the courts considered the Supreme Court's rulings that "the savings statute may be overriden 'either by express declaration or necessary implication,' Great N. Ry. Co. v. United States, 208 U.S. 452, 465 (1908), or when a new statute 'can be said by fair implication or expressly to conflict with § 109,' Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 659 n. 10 (1974)." Douglas, 2011 WL 2120163 at *4.[3] In analyzing these exceptions, those courts determined that with respect to the Fair Sentencing Act of 2010 and the adjustment of the crack-to-cocaine ratio therein, "the explicit congressional grant of emergency guideline amendment authority and the mandate of 'consistency' and 'conforming' amendments, coupled with the express language of the Sentencing Reform Act of 1984 (that the Guidelines in effect on the day of sentencing control irrespective of when offense conduct occurred), unmistakably demonstrate Congress's urgency and expectation of immediate change." Douglas, 746 F. Supp. 2d at 229-30. The court in Douglas further concluded that this type of case, in which the defendant's crime and conviction took place prior to the enactment of the Fair Sentencing Act, but the sentencing occurred thereafter, could and should be distinguished from those cases in which a defendant has already been sentenced, with respect to whom courts have already decided that the new, more lenient standards should not be applied. "Understandably, Congress might not have wanted a large volume of previously sentenced offenders to be released from prison immediately. But what possible reason could there be to want judges to continue to impose new sentences that are not 'fair' over the next five years while the statute of limitations runs?" Id. at 229. Finally, as noted by the First Circuit in Douglas:

> "[W]hile the rule of lenity does not apply where the statute is 'clear,' . . . section 109 is less than clear in many of its interactions with other statutes, and that is arguably true in

even to those who had already been sentenced. This amendment will become effective November 1, 2011, absent congressional action to the contrary. This decision further convinces the Court that it is proper to apply the Fair Sentencing Act to those defendants who have not yet been sentenced.

---

[3] The first general savings provision was enacted in 1871, "to abolish the commonlaw presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition in the highest court authorized to review them.'" Warden v. Marrero, 417 U.S. 653, 660 (1974) (quoting Bradley v. United States, 410 U.S. 605, 607 (1973). The statute was codified at 1.U.S.C. § 109 (the "Savings Clause") in 1947. The Savings Clause provides, in relevant part: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." 1 U.S.C. § 109.

the present case as well.  Our principal concern here is with the 'fair' or 'necessary' implication. . . derived from the mismatch between the old mandatory minimums and the new guidelines and to be drawn from the congressional purpose to ameliorate the cocaine base sentences.  But the rule of lenity, applicable to penalties, as well as the definition of crimes, adds a measure of further support to [defendant]." Douglas, 2011 WL 2120163 at *5 (internal citations omitted).

Although the Ninth Circuit has not decided the issue, note two in Baptist suggests that the one panel to have considered this issue might adopt the reasoning of Douglas.  While the Court recognizes that a minority of courts have agreed with the government's position, for the reasons advanced by the trial court and the First Circuit in Douglas, the Court concludes that the Fair Sentencing Act should apply in this case.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |